IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
M&M STONE CO.,                      )
                                    )  Civil Action
                Plaintiff           )  No. 07-CV-04784
                                    )
        vs.                         )
                                    )
COMMONWEALTH OF PENNSYLVANIA,        )
  DEPARTMENT OF ENVIRONMENTAL        )
  PROTECTION;                        )
ROGER J. HORNBERGER,                 )
  Individually and in His           )
  Official Capacity;                )
J. SCOTT ROBERTS,                    )
  Individually and in His           )
  Official Capacity;                )
MICHAEL D. HILL,                     )
  Individually and in His           )
  Official Capacity;                )
KEITH A. LASLOW,                     )
  Individually and in His           )
  Official Capacity;                )
MARTIN SOKOLOW,                      )
  Individually and in His           )
  Official Capacity;                )
TELFORD BOROUGH AUTHORITY;           )
MARK D. FOURNIER,                    )
  Individually and in His           )
  Official Capacity;                )
SPOTTS STEVENS & McCOY, INC.;        )
RICHARD M. SCHLOESSER;               )
DELAWARE RIVER BASIN                 )
  COMMISSION; and                   )
WILLIAM J. MUSZYNSKI,                )
  Individually and in His           )
  Official Capacity;                )
                                    )
                Defendants          )
```

O R D E R

NOW, this 29th day of September, 2008, upon

consideration of the following documents:

(1)  DEP and DEP Defendants' Motion to Dismiss the
     Complaint, which motion was filed January 4, 2008
     on behalf of defendants Commonwealth of

Pennsylvania, Department of Environmental
Protection, Roger J. Hornberger, J. Scott Roberts,
Michael D. Hill, Keith A. Laslow and Martin
Sokolow; together with:

> Plaintiff's Response to the Motion to Dismiss
> of Defendants Pennsylvania Department of
> Environmental Protection, Roger Hornberger,
> J. Scott Roberts, Michael Hill, Keith Laslow
> and Martin Sokolow, Esq., which response was
> filed February 2, 2008;

(2) Motion of Spotts Stevens & McCoy, Inc. and Richard
Schloesser to Dismiss Plaintiff's Complaint, which
motion was filed January 4, 2008; together with:

> Plaintiff's Response to the Motion to Dismiss
> of Defendants Spotts Steven & McCoy and
> Richard Schloesser, which response was filed
> February 8, 2008;

(3) Defendant Telford Borough Authority and Defendant
Mark Fournier's Motion to Dismiss and Strike
Plaintiff's Complaint and Motion for a More
Definite Statement, which motion was filed
January 7, 2008; together with:

> Plaintiff's Response to Defendants Telford
> Borough Authority's and Mark D. Fournier's
> Motion to Dismiss, which response was filed
> February 8, 2008;

(4) Defendants Delaware River Basin Commission and
William J. Muszynski's Motion to Dismiss
Plaintiff's Complaint or for a Stay, which motion
was filed January 7, 2008; together with:

> Plaintiff's Response to the Motion to Dismiss
> of Defendants Delaware River Basin Commission
> and William J. Muszynski, which response was
> filed February 8, 2008; and

(5) Motion of Defendants for Leave to File a
Supplemental Motion and Brief, as Well as for
Leave to Exceed Page Limitations, in Further
Support of Their Motions to Dismiss the Complaint,
which motion was filed April 4, 2008 by all
defendants and includes a proposed brief titled

-ii-

Defendants' Joint Supplemental Motion to Dismiss
Plaintiff's Complaint; together with:

> Plaintiff's Response to Defendants' Motion
> for Leave to File a Supplemental Motion and
> Brief, as Well as for Leave to Exceed Page
> Limitation, in Further Support of Their
> Motions to Dismiss, which response was filed
> April 25, 2008;

and for the reasons articulated in the accompanying Opinion,

IT IS ORDERED that the Motion of Defendants for Leave to File a Supplemental Motion and Brief, as Well as for Leave to Exceed Page Limitations, in Further Support of Their Motions to Dismiss the Complaint is denied[1] without prejudice for defendants to re-assert the arguments advanced in their joint proposed brief titled Defendants' Joint Supplemental Motion to Dismiss Plaintiff's Complaint by appropriate subsequent motion in this action.

---

[1]   Rule 7.1(C) of the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania provide that "[t]he court may require or permit further briefs if appropriate" in a civil action. Thus, the decision to grant or deny supplemental briefs is reserved to the sound discretion of the trial court.   See McNiff v. Asset Management Specialists, 337 F.Supp 685, 687 n.1 (E.D.Pa. 2004)(Gardner, J.).

Defendants submitted four briefs in support of their original motions to dismiss, which collectively include approximately 115 pages of argument.  These motions were filed before the Commonwealth of Pennsylvania Environmental Hearing Board issued its Adjudication of plaintiff's claims on January 31, 2008.  However, defendants had ample opportunity to raise arguments in their briefs concerning the anticipated effect of the Board's Adjudication, or alternatively, to request a brief extension until after the Board's Adjudication to file their original motions to dismiss.

Accordingly, I decline to exercise my discretion and will not consider defendants' supplemental bases for dismissal of the within action. However, defendants will be provided an opportunity to raise any of the arguments advanced in their proposed joint supplemental motion to dismiss by subsequent motion practice in this case.

IT IS FURTHER ORDERED that defendants' motions to dismiss are granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff's claim for commercial disparagement against all defendants is dismissed from plaintiff's complaint.

IT IS FURTHER ORDERED that all claims against defendant Commonwealth of Pennsylvania, Department of Environmental Protection are dismissed from plaintiff's complaint.

IT IS FURTHER ORDERED that all claims against defendants Roger J. Hornberger, J. Scott Roberts, Michael D. Hill, Keith A. Laslow and Martin Sokolow in their official capacities are dismissed from plaintiff's complaint to the extent that they do not seek prospective injunctive relief.

IT IS FURTHER ORDERED that plaintiff's substantive due process, equal protection, procedural due process and First Amendment retaliation claims against defendants Roger J. Hornberger, J. Scott Roberts, Michael D. Hill, Keith A. Laslow, Martin Sokolow, Mark D. Fournier and William J. Muszynski[2] in their individual capacities are dismissed from plaintiff's complaint without prejudice for plaintiff to re-assert these federal claims in a more specific amended complaint.

IT IS FURTHER ORDERED that plaintiff's substantive due process, equal protection and procedural due process claims

_____

[2]     Plaintiff has not asserted a First Amendment retaliation claim against defendant Muszynski.

against defendants Spotts Stevens & McCoy, Inc. and Richard M. Schloesser are dismissed from plaintiff's complaint without prejudice for plaintiff to re-assert these claims in a more specific amended complaint.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's substantive due process claim against defendants Roger J. Hornberger, J. Scott Roberts, Michael D. Hill, Keith A. Laslow and Martin Sokolow in their official capacities, as well as defendants' motions to dismiss this claim against defendants Telford Borough Authority and Delaware River Basin Commission, are each denied.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's claims for equal protection, procedural due process and First Amendment retaliation against defendants Roger J. Hornberger, J. Scott Roberts, Michael D. Hill, Keith A. Laslow and Martin Sokolow in their official capacities, as well as defendants' motions to dismiss these claims against defendants Telford Borough Authority and Delaware River Basin Commission, are each granted, and these claims are dismissed from plaintiff's complaint.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's negligence claim against defendants Roger J. Hornberger, J. Scott Roberts, Michael D. Hill, Keith A. Laslow, Martin Sokolow, Mark D. Fournier and William J. Muszynski

-v-

in their individual capacities, as well as defendants' motions to dismiss this claim against defendants Telford Borough Authority and Delaware River Basin Commission, are each denied subject to the subsequent determination of immunity under state law after plaintiff re-pleads its claims against defendants asserting state immunity with more specificity in an amended complaint.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's negligence claim against defendants Spotts Stevens & McCoy, Inc. and Richard M. Schloesser are denied.

IT IS FURTHER ORDERED that plaintiff's claims for interference with contractual relations and civil conspiracy against all defendants are dismissed from plaintiff's complaint.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's claim for punitive damages with respect to plaintiff's substantive due process claim against all defendants are granted.

IT IS FURTHER ORDERED that plaintiff's claim for punitive damages with respect to plaintiff's substantive due process claim against defendants Telford Borough Authority and Delaware River Basin Commission, as well as defendants Roger J. Hornberger, J. Scott Roberts, Michael D. Hill, Keith A. Laslow and Martin Sokolow in their official capacities, is dismissed from plaintiff's complaint.

IT IS FURTHER ORDERED that plaintiff's claim for punitive damages with respect to plaintiff's substantive due process, equal protection, procedural due process and First Amendment retaliation claims against defendants Roger J. Hornberger, J. Scott Roberts, Michael D. Hill, Keith A. Laslow, Martin Sokolow, Mark D. Fournier and William J. Muszynski in their individual capacities, and against defendants Spotts Stevens & McCoy, Inc. and Richard M. Schloesser, are each dismissed from plaintiff's complaint without prejudice for plaintiff to re-assert claims for punitive damages with respect to these federal claims in a more specific amended complaint.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's claim for punitive damages with respect to plaintiff's negligence claim under Pennsylvania law are granted.

IT IS FURTHER ORDERED that plaintiff's claim for punitive damages with respect to plaintiff's negligence claim under Pennsylvania law against all defendants is dismissed from plaintiff's complaint.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's claim for attorney's fees with respect to plaintiff's claims under Pennsylvania law are granted.

IT IS FURTHER ORDERED that plaintiff's direct claim for attorney's fees against all defendants is dismissed from

plaintiff's complaint insofar as such fees are incurred in connection with plaintiff's claims under Pennsylvania law.[3]

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff's complaint are denied with respect to their request for federal abstention.

IT IS FURTHER ORDERED that plaintiff shall have until October 20, 2008 to file an amended complaint more specifically re-asserting the claims against defendants which have been dismissed without prejudice in this Order consistent with the accompanying Opinion.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 12(e), plaintiff shall include in its amended complaint a more definite statement of its claims against all defendants asserting an immunity defense under Pennsylvania law.


BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[3]     Nothing contained herein shall preclude plaintiff from recovering attorney's fees for its state law claims under the applicable federal fee-shifting statute.